# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF JAMES W. PENGILLY, ESQ., BAR NO. 6085.

No. 74316



FILED

SEP 07 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review, pursuant to SCR 105(3)(b), of a Southern Nevada Disciplinary Board hearing panel's findings of fact, conclusions of law, and recommendation for discipline of attorney James W. Pengilly. After a hearing, the panel found that Pengilly violated RPC 8.4(d) (misconduct) based on his conduct during a deposition wherein he was representing himself as the defendant in a defamation lawsuit. Ultimately, the panel recommended a six-month-and-one-day suspension, fees in the amount of $2,500, and the costs associated with the disciplinary proceedings.

The misconduct involves Pengilly's behavior during a noticed plaintiff's deposition at his office. When questioning the deponent, Pengilly used vulgarities, called the deponent derogatory names, aggressively interrupted the deponent and opposing counsel, answered questions for the deponent, and repeatedly made inappropriate statements on the record. Pengilly went on to ask the deponent if he was "ready for it" while positioning his hand near his hip. The deponent briefly left the room, but when he returned Pengilly displayed a firearm he had holstered on his hip to the deponent and opposing counsel. As a result, the deposition was

terminated and the underlying defamation litigation was put on hold pursuant to an order by the discovery commissioner. The discovery commissioner also sanctioned Pengilly for his conduct.

The State Bar has the burden of showing by clear and convincing evidence that Pengilly committed the violation charged. SCR 105(2)(f); *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We employ a deferential standard of review with respect to the hearing panel's findings of fact, SCR 105(3)(b), and will not set them aside unless they are clearly erroneous or not supported by substantial evidence. *See generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

Having reviewed the record on appeal, we conclude that there is substantial evidence to support the panel's findings that Pengilly violated RPC 8.4(d) (prohibiting an attorney from engaging in conduct that is prejudicial to the administration of justice). Indeed, the deposition transcript, coupled with the testimony at the formal hearing, demonstrates that Pengilly displayed appalling behavior toward the deponent. Additionally, the record is clear, and Pengilly admits, that he displayed a firearm. Accordingly, we agree with the hearing panel that Pengilly committed the violation set forth above.[1]

The panel recommends a six-month-and-one-day suspension. Pengilly asserts that a suspension is not appropriate and argues for a lesser

---

[1]Although the panel made findings of fact regarding other incidents between Pengilly and the deponent, the misconduct violation was based solely on Pengilly's actions at the deposition. As such, we need not address those findings or Pengilly's related arguments.

discipline. While the hearing panel's recommendation is persuasive, we are not bound by it and we review the proposed form of discipline de novo. SCR 105(3)(b); *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Pengilly violated his duty to the legal system by engaging in conduct that was prejudicial to the administration of justice. Pengilly argues that his conduct should be viewed under a negligence standard, but we agree with the panel that he acted knowingly as he was consciously aware of his conduct and knew his behavior was inappropriate. His conduct caused actual injury to the proceeding as the deposition concluded early and the discovery commissioner had to issue a protective order, causing the case to be delayed. Both the deponent and his attorney testified they were afraid Pengilly was going to shoot them, and their fears were documented: they immediately called the police, filed police reports the next day, filed for a TPO, and filed bar grievances. Further, there was the potential for serious injury to every one present—the deponent, his attorney, the court reporter, Pengilly's office staff, and even Pengilly himself—because a deadly weapon was involved. Considering the foregoing, the baseline sanction is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 6.22 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when a lawyer knows that he or she is . . . caus[ing] interference or potential interference with a legal proceeding.").

Pengilly argues that the panel did not give sufficient weight or consideration to mitigating circumstances pursuant to SCR 102.5, the applicable ABA standards, and the Nevada State Bar Disciplinary Rules of Procedure (DRP), as the panel did not address any mitigating circumstances in its written recommendation. The governing rule, however, merely provides that the panel *may* consider aggravating and mitigating circumstances, it does not require it to do so. *See* SCR 102.5 ("Aggravating and mitigating circumstances may be considered in deciding what sanction to impose . . . ."). And, furthermore, although the panel did not make explicit findings regarding mitigating circumstances, Pengilly did present evidence and argument regarding relevant mitigating circumstances to the panel and the panel's recommendation expressly states that its decision is "based upon the pleadings on file, the testimony given, and the evidence admitted during the hearing." We therefore conclude that the failure to explicitly address mitigating circumstances in its final decision does not diminish the persuasive value of the panel's recommendation.

Based in part on the panel's alleged failure to consider mitigating circumstances, Pengilly argues that suspension is too harsh. Having considered all the factors, Pengilly's arguments regarding relevant mitigating circumstances, and the evidence supporting those arguments, we conclude that the panel's recommended suspension is appropriate as it is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). We also agree with the panel's recommendation to impose the required administrative costs and the costs of the disciplinary proceeding under SCR 120.

Accordingly, we hereby suspend attorney James W. Pengilly from the practice of law in Nevada for six months and one day, commencing from the date of this order. Pengilly is further ordered to pay administrative costs in the amount of $2,500 plus the costs associated with the disciplinary proceedings within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.[2]

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Stiglich

cc: Chair, Southern Nevada Disciplinary Panel
Lewis Roca Rothgerber Christie LLP/Las Vegas
Lipson Neilson Cole Seltzer & Garin, P.C.
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

---

[2]In addition to the notices and disclosures required by SCR 121.1, the State Bar shall send a copy of this order to any other state bar wherein Pengilly is licensed to practice law.

The Honorable Ron Parraguirre, Justice, voluntarily recused himself from participation in the decision of this matter.